IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 22-cv-2762-WJM-NRN

MARILYN HICKS,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

## ORDER DENYING MOTION TO RECONSIDER

Before the Court is Plaintiff Marilyn Hicks's motion to reconsider ("Motion") the Court's order granting partial summary judgment in favor of Defendant State Farm Mutual Automobile Insurance Company ("State Farm") on Hicks's statutory and common law bad faith claims. (ECF No. 68.) State Farm filed a response. (ECF No. 69.)

A litigant who seeks reconsideration by the district court of an adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Hicks relies on Rule 59(e), which provides three grounds justifying reconsideration of an adverse judgment or ruling: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

The Federal Rules of Civil Procedure do not, however, offer an opportunity for a party to reargue its case after the court has rendered a decision. *Id.* (holding that a party moving to reconsider a prior ruling should not "revisit issues already addressed"); *see also All West Pet Supply Co. v. Hill's Pet Products Div.*, 847 F. Supp. 858, 860 (D. Kan. 1994) ("A motion to reconsider or to alter or amend may not be used as a vehicle for the losing party to rehash arguments previously considered and rejected by the district court."). Nor is it appropriate in a Rule 59(e) motion to "advance argument that could have been raised in prior briefing." *Servants of the Paraclete*, 204 F.3d at 1012; *see also Jiying Wei v. Univ. of Wyoming College of Health School Pharmacy*, 759 Fed. Appx. 735, 740 (10th Cir. 2019) (discerning no abuse of discretion in district court's decision not to consider new arguments raised in a Rule 59 motion).

Hicks asks the Court to reconsider its order granting summary judgment on her statutory and common law bad faith claims for what the Court perceives to be two reasons: (1) "a reasonable jury could conclude that Defendant acted in bad faith" because its claims specialist "did not consider the totality of information when evaluating the claim file, and went against Defendant's own internal policies on when independent Medical Evaluations are appropriate"; and (2) after the Court entered summary judgment, Hicks met with doctors who recommended that she undergo further treatments and surgery, bringing her total medical costs to $324,143.55—not $60,000, as the Court (and Hicks) previously asserted. (ECF No. 68 at 2–3.) Hicks attaches various documents[1] to the Motion to substantiate her second point.

---

[1] Exhibit 3, an attachment on which Hicks heavily relies, is a single-sentence e-mail ostensibly from a doctor's assistant that says: "Dr. Possley recommended a C4-C7 ACDF surgical procedure for Ms. Hicks." (ECF No. 68-3 at 1.) Simply put, such evidence—timely filed or otherwise—is not of the kind that would persuade the Court to overturn its summary

2

The Court sees no basis to set aside its summary judgment order. Hicks's first reason is simply a rehash of arguments the Court considered and rejected in its earlier order. And Hicks's second reason fares no better because this "new evidence" is not admissible. Expert disclosures were due on August 30, 2023, and discovery closed on December 17, 2023. (*See* ECF No. 39.) But the evidence Hicks now urges the Court to consider was allegedly procured in October and November 2024. (*See* ECF No. 68 at 7.) Hicks has not moved to amend the scheduling order or reopen discovery, nor explained why she could not have discovered or procured this evidence until so recently—despite the subject car accident in this case occurring in 2019. *See* Fed. R. Civ. P. 16(b) (scheduling order deadlines "may be modified only for good cause and with the judge's consent"); *Strope v. Collins*, 315 Fed. Appx. 57, 61 (10th Cir.1009) (to demonstrate good cause pursuant to Rule 16, the moving party must "show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay"); *Lewis v. Powers*, 2018 WL 6272259, at *7 (D. Colo. Nov. 30, 2018) ("The report is inadmissible given Plaintiff's failure to disclose it and her corresponding failure to designate Mr. Shea as an expert."); *Leon v. FedEx Ground Package Sys., Inc.*, 2016 WL 1158079, at *12 (D.N.M. Mar. 1, 2016) (Rule 37(c) permits courts to refuse to strike improper expert opinions and allow the expert testimony *if* the violation of the Rules is justified or harmless); *Oklahoma v. Tyson Foods, Inc.*, 2009 WL 2252129, at *5 (N.D. Okla. July 24, 2009) ("Thus, any prior undisclosed opinions set forth in a declaration submitted to support or oppose a

---

judgment order, especially since "reconsideration of a judgment is an extraordinary remedy that should be used sparingly." *White v. Fed. Bureau of Investigation*, 2024 WL 4723193, at *1 (D. Kan. Nov. 8, 2024)

3

summary judgment is inadmissible, absent a showing the nondisclosure was justified or harmless under Rule 37(c)(1).").

For these reasons, the Court denies the Motion. (ECF No. 68.)

Dated this 5th day of December, 2024.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge